**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 15-cv-62427-GAYLES/Turnoff

**BETH PLOTKIN**,

    Plaintiff,

vs.

**TARGET CORPORATION**,
d/b/a TARGET, and
**MICHAEL DUCKMAN**,

    Defendants.
_____/

### **AMENDED ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [ECF No. 8]. The Court has reviewed the Motion, the parties' filings, and the record. For the following reasons, the Motion is denied.

To date, the only parties that remain in this case are Beth Plotkin, a citizen of Florida, and Target Corporation, a citizen of Minnesota, thus establishing diversity of citizenship. Plaintiff has never sought leave of this Court to amend the complaint to add any additional non-diverse defendants.

The Court finds that Target has sufficiently shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, thus establishing federal subject matter jurisdiction. Federal law provides that "other paper" besides the complaint can be used by the defendant if from such "other paper" it can be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). Specifically, other "[c]ourts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *Wilson v. Target Corp.*, No. 10-80451-CIV-MARRA, 2010 WL 3632794, at *2

(S.D. Fla. Sept. 14, 2010); *see Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (noting that "pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed"); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper."). Here, Defendant has provided evidence to meet its burden to establish federal jurisdiction in this case, including Plaintiff's responses to Defendant's request for admissions, which deny that her damages are less than $75,000.00 [ECF No. 1-10], Plaintiff's pre-suit settlement offer [ECF No. 108], and an affidavit by Defendant's attorney Carlton A. Bober, Esq. [ECF No. 1-9]. Accordingly, it is

**ORDERED AND ADJUDGED** that **Plaintiff's Motion to Remand [ECF No. 8]** is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this **3rd day of May, 2016.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
     All Counsel of Record